# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICHARD ALLEN and LAURA ALLEN**                                                   **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 3:15-CV-816-KS-MTP**

**JPMORGAN CHASE BANK, N.A.**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Judgment on the Pleadings ("Motion for Judgment") [7] filed by Defendant JPMorgan Chase Bank, N.A. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

On January 6, 2004, Plaintiffs Richard Allen and Laura Allen (collectively "Plaintiffs") obtained a loan to purchase a home from Community Trust Bank ("Community Trust"). This loan was secured by a promissory note and Deed of Trust [4-2]. On May 22, 2013, the Deed of Trust [4-2] was assigned to Defendant JPMorgan Chase Bank, N.A. ("Defendant").

On October 9, 2015, due to a series of alleged errors in the servicing of their loan, Plaintiffs brought the current action against Defendant in the Circuit Court of Rankin County, Mississippi. Defendant removed the action to this Court on November 12, 2015, on the basis of diversity jurisdiction. Defendant filed its Answer [4] on November 19, 2015, and the current Motion for Judgment [7] on January 15, 2016, arguing, *inter alia*, that Plaintiffs failed to provide them with written notice prior to filing their action, as required by the Deed of Trust [4-2].

## II. DISCUSSION

    **A.**     **Standard of Review**

Defendant's Motion for Judgment [7] is a motion for dismissal under Federal Rule of Civil Procedure 12(c). "The same standard of dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 38 F.3d 503, 529 (5th Cir. 2004). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

### B.  Notice and Cure Provision

Defendant argues that, under Section 20 of the Deed of Trust [4-2], Plaintiffs were required to send it a written notice of its alleged breach before filing any judicial action against it. Plaintiffs do not contend that their claims fall outside of this notice and cure provision or that this notice was given. Instead, they argue that this provision does not apply to Defendant.

Section 20 of the Deed of Trust [4-2] provides

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other

> party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Plaintiffs argue that "Lender" under the Deed of Trust is defined as Community Trust. However, the Deed of Trust [4-2] was assigned to Defendant. Under Section 13 of the Deed of Trust [4-2], "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Plaintiffs argue that the reference to Section 20 explicitly denies Defendant the benefit of the notice and cure provision. Plaintiff, however, misreads both sections.

First, the exception provided by Section 13 relieves any assignees of Community Trust from being bound by any obligation found in Section 20, but does not deprive an assignee of any benefit under Section 20. Receiving notice prior to the initiation of a lawsuit and being afforded time to cure would be a benefit to Defendant under Section 20, not an obligation. While giving notice may be an obligation of Plaintiffs under Section 20, nothing in Section 13 relieves Plaintiffs of any obligations under Section 20. Second, the exception, from a plain reading of both sections, appears only to ensure that the assignor, and not the assignee, remains bound by Section 20 to notify the Borrower of the assignment. As an assignee of Community Trust, then, Defendant receives the benefit of every covenant and agreement of the Deed of Trust [4-2], including the notice and cure provision under Section 20. As such, Plaintiffs had an obligation to give written notice of their claims before filing a judicial action, which they did not fulfill. "[A] party who has breached a contract may not himself maintain a suit for breach of the contract against the other party." *Snow Lake Shores Prop. Owners Corp. v. Smith*, 610 So.2d 357, 361 (Miss 1992) (citing *Brent v. Corbin*, 173 So.2d 430, 433 (Miss. 1965)). By not giving Defendant written notice and an opportunity to

cure, Plaintiffs breached the Deed of Trust [4], and cannot maintain a suit against Defendant based on its actions under the Deed of Trust [4]. The Court will therefore **grant** Defendant's Motion for Judgment [7] and **dismiss without prejudice** Plaintiffs' claims.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Judgment [7] is **granted**. Plaintiff's claims are **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this the 14th day of March, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE